NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: CLARK WARREN BAKER, <br><br> Debtor. <br> _____ <br><br> JAMES MURTAGH, M.D., <br><br> Appellant, <br><br> v. <br><br> BARUCH C. COHEN; D. DAVID STEELE, <br><br> Appellees. | No. 23-55068 <br><br> D.C. No. 2:22-cv-05174-MCS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted January 10, 2024[**]
Pasadena, California

Before: RAWLINSON, MELLOY,[***] and H.A. THOMAS, Circuit Judges.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

James Murtagh, M.D., appeals the district court's affirmance of the bankruptcy court's application of laches to deny his motion for sanctions against Attorney D. David Steele. "We independently review the bankruptcy court's decision without deference to the district court." *Cossu v. Jefferson Pilot Sec. Corp. (In re Cossu),* 410 F.3d 591, 595 (9th Cir. 2005). We review for an abuse of discretion both the bankruptcy court's exercise of its inherent sanctioning authority and its application of laches. *See Hale v. U.S. Trustee*, 509 F.3d 1139, 1148–49 (9th Cir. 2007) (inherent authority); *Beaty v. Selinger (In re Beaty)*, 306 F.3d 914, 921 (9th Cir. 2002) (laches). An abuse of discretion occurs when a court makes a clearly erroneous factual determination, a material legal error, or otherwise reaches an ultimate determination outside the wide boundaries established by the governing law and material facts. *See, e.g.*, *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 680 (9th Cir. 2023); *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) ("[A] reviewing court may not reverse unless it has a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of the relevant factors.'" (quoting *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1464 (9th Cir. 1995))).

Laches may apply where a party has actual or inquiry notice as to a potential claim or right, unreasonably delays in asserting that right, and causes prejudice to

the opposing party through such delay. *See Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000) ("[A]ny delay is to be measured from the time that the plaintiff knew or should have known about the potential claim at issue."). The bankruptcy court determined Dr. Murtagh was on actual or inquiry notice of the material facts behind his November 2021 motion for sanctions potentially as early as 2015 and no later than 2018. This conclusion was based on several items, including: an email Murtagh sent to Steele; a letter Murtagh's attorney sent to Steele's client Robert Leppo; attorney Baruch C. Cohen's withdrawal as counsel after the disclosure of wrongdoing by Debtor Clark Baker; and Murtagh's failure to identify any materials supporting a later date for commencement of the laches period despite having been granted ample discovery. The bankruptcy court also found actual prejudice based on testimony describing a witness's inability to recollect aged facts or locate notes.

We find no clear error in the bankruptcy court's well-supported findings, no legal error in its analysis of the laches doctrine, and no abuse of its broad discretion in applying laches to deny the motion for sanctions. We affirm.[1]

---

[1] Murtagh asserts no arguments in his briefs regarding unclean hands as a bar to the application of laches. He also makes no argument as to appellee Baruch C. Cohen. As such, we treat arguments as to unclean hands or Cohen as waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").